R. HACKLEY'S ADMR., ET AL. *v.* B. F. & E. KELLY'S ADMR., ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—763.]

Advancements.

> Where one executed to his children certain writings, each alike promising to pay a certain sum to each of the children by way of advancement, but not to be due or payable until after the death of the father except at his option, said father on the same day making and publishing his will reciting the execution of said writings and describing each and directing that said sums should be paid out of his estate, but providing that if any of said children should die without issue his share should go to the remaining brothers and sisters, and one does die without issue during the lifetime of the father, her administrator can recover nothing on said writing, since it is to be construed with the terms of the will and hence belongs to the brothers and sisters of the deceased daughter and not to the administrator.

APPEAL FROM GARRARD CIRCUIT COURT.

March 11, 1884.

OPINION BY JUDGE HARGIS:

John Kelly, on the 10th of January, 1878, executed several writings of the same kind promising to pay the sum of $512.15 to each of the children named in the writings by way of advancement but not to be due or payable until after his death except at his option. Simultaneously, on the same day, he made and published his will, reciting in the fourth clause that with the view of equalizing his sons he had executed the writings above described and given up to them a note on J. R. Kelly for $1,439.25. The writings are particularly described as to amount, time of payment, condition and purpose.

By the fifth clause he directs the unpaid remainder, if any, at his death, of the writings which he had delivered to his children and which he denominates "notes" to be paid out of the proceeds of his estate before there is any further distribution. In the seventh clause he provides that if any of his children die in his lifetime "then the portion willed such one so dying, is to go to his or her children, if any, surviving them, or if any should die without lawful issue the portion of the one so dying is to go to the remaining brothers and sisters," etc.

His widowed daughter, Sarah E. Sear, married the appellant, Hackley. She died in the lifetime of her father without issue and her husband was appointed administrator of her estate and brought this action upon the alleged "note" delivered to her by her father for $512.15, against his administrators. The writing sued on and the will of John Kelly must be construed together. The fifth clause of the will shows clearly that the writings or "notes" he executed to his children were written memorials of the amounts necessary to equalize the holders with others who had been advanced, and the expression that they are to be paid "out of the proceeds of his estate before there is any further distribution" is a correct statement of the proper mode in which the principal of the doctrine of advancements is carried out, and demonstrates that the writing sued on was intended to show that other children had received that much more than the holder, who was entitled to have that sum out of the estate before those having actually received advancements should receive anything further of their distributable share. This construction is in exact accordance with the testator's "view of equalizing his sons and daughters." It is therefore con-

cluded that the writing is not an enforcible obligation for the payment in praesenti of any money or thing, and is simply a promise to equalize his children in the distribution of his estate and a statement of the sum necessary to accomplish that purpose. The term "the portion willed such one so dying" as used in the seventh clause embraces the whole of such portion, to be ascertained by equalizing the testator's children according to the advancements estimated by himself, and the meaning to be attached to the writings and will as above indicated.

The daughter, Sarah E., having died without issue in the lifetime of her father her portion, by the express terms of the latter part of the seventh clause of his will, "is to go to the remaining brothers and sisters." Therefore her husband, as administrator, has no right or cause of action on the writings or "note" or by the terms of the will, and the court did not err in so adjudging.

Wherefore the judgment is *affirmed.*

*Burdett & Walton, for appellants.*

*Anderson & Herndon, for appellees.*